IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
HANNAH P. RIVERA,              )
                               )
     Plaintiff,                )
                               )
         v.                    )   1:11cv694(JCC/TCB)
                               )
UNITED STATES OF AMERICA,      )
                               )
     Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on defendant[1] the United States' (the "United States" or the "Defendant") Motion to Dismiss (the "Motion"). [Dkt. 3.] For the following reasons, the Court will grant Defendant's Motion.

**I.   Background**

On June 1, 2011, plaintiff Hannah P. Rivera ("Plaintiff" or "Rivera") filed a claim against Miles Kenny in the Small Claims Division of the Alexandria City General District Court, where it was given case number GV11-3808 (the "Small Claims case"). [Dkt. 1-2.] According to the Warrant in Debt, Plaintiff "su[ed] PO office location for a total of [$]338.59 including restitution (expanded rate for failure to

---

[1] Plaintiff named as defendant Kenny Miles, the manager for customer service at the U.S. Post Office. The United States certified that Mr. Miles was acting with the scope of his employment. [Dkt. 2.] Accordingly, the United States is the appropriate defendant in this Federal Tort Claims Act case. *See* 28 U.S.C. § 2679(d)(2).

1

address claim of Blanco Jostens gold[)]." *Id*. Kenny Miles is the manager for customer service at the U.S. Post Office at 1100 Wythe Street in Alexandria, Virginia. (Memorandum in Support [Dkt. 4] ("Mem.") at 1.) The United States certified that at the time Plaintiff's claim arose, Mr. Miles was working within in the scope of his office or employment as an employee of the United States, [Dkt. 1-1], removed Plaintiff's Smalls Claims case to this Court, Dkt. 1], and substituted the United States as defendant, [Dkt. 2].

On July 5, 2011, the United States filed its Motion to Dismiss. [Dkt. 3.] The Motion was accompanied by the proper notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). [Dkt. 5.] Plaintiff did not oppose the Motion. On August 16, 2011, the United States filed a supplemental memorandum. [Dkt. 7.]

Defendant's Motion to Dismiss is now before the Court.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F.

Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994); *Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to

invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

### III. Analysis

In its supplemental memorandum, the United States represents that the U.S. Postal Service has paid Plaintiff's claim of $338.59. (Supplemental Memorandum [Dkt. 7] ("Supp. Mem.") at 3.) Because Plaintiff's claim, the basis of this case, has been paid, the United States argues there is no longer a live case or controversy and this case should be dismiss as moot. (Supp. Mem. at 4.)

"[I]t is well-settled that federal courts may only adjudicate cases or controversies under Article III of the Constitution." *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (citing *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997)). "To that end, '[t]he Supreme Court has developed a number of constitutional justiciability doctrines . . . including . . . the doctrines of standing, ripeness, and mootness.'" *Id.* (quoting *United States v. McClure*, 241 F. App'x 105, 107 (4th Cir. 2007)). "[T]he mootness doctrine requires that a claimant suffer an injury-in-fact or continuing collateral consequence that is fairly traceable to the challenged action or decision, and that a favorable decision would be likely to redress the injury." *Id.* (citing *Townes v. Jarvis*, 577 F.3d 543, 554 (4th Cir. 2009)). When a case is moot

4

and, thus, fails to present a justiciable case or controversy, it must be dismissed. *See Mohammed v. Holder*, 695 F. Supp. 2d at 290. "Even if the plaintiff has standing at the outset of the case . . . the action may become moot if, at any subsequent time, the plaintiff 'plainly lack[s] a continuing interest' in the resolution of the case." *Lux v. White*, 99 F. App'x 490, 492 (4th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000)).

Here, Plaintiff lacks a continuing interest in this case, as the U.S. Postal Service has paid her claim. Thus, there is no continuing injury or consequence traceable to Plaintiff's claim, and accordingly this case is moot and will be dismissed.

### IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 25, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |